IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| PACIFIC BUSINESS CAPITAL CORP., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) Civil No. 2004-159 |
| LITTLE SWITZERLAND, INC. and, L.S. | ) |
| WHOLESALE INC., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
| _____ | ) |

**APPEARANCES:**

**Marshall A. Bell, Esq.**
St. Thomas, VI 00801
      *Attorney for Plaintiff*

**Karin A. Bentz, Esq.**
St. Thomas, VI 00801
      *Attorney for Defendants*

**GÓMEZ, C.J.**

### ORDER

Before the Court is the Defendants' motion to dismiss for failure to state a claim.

### FACTS

In 1999, Little Switzerland Inc. and L.S. Wholesale Inc. ("the Defendants") entered into a series of written contracts with La Bijoux, in which the Defendants agreed to pay $290,020.41 in exchange for goods. On November 15, 2004, Pacific Business Capital Corp. ("PBCC"), assignee of La Bijoux, filed suit against

*Pacific Business Capital Corp. v. Little Switzerland Inc., et al*
Civ. No. 2004/159
Order
2

the Defendants for breach of contract.  PBCC alleges that the
Defendants have breached the contracts by refusing to pay the
balances due.  On November 15, 2005, the Defendants filed this
motion to dismiss for failure to state a claim.  The Defendants
argue that PBCC's complaint is barred by the statute of
limitations. PBCC has not opposed the motion.[1]

## DISCUSSION

Motions to dismiss for failure to state a claim on which
relief could be granted are decided in accordance with Federal
Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)").  All material
allegations are taken as admitted, all facts are construed in a
light most favorable to the non-moving party, and all reasonable
inferences are drawn for the non-moving party's benefit. *Jenkins
v. McKeithen*, 395 U.S. 411, 421 (1969); *Alston v. Parker*, 363
F.3d 229, 223 (3d Cir. 2004).  The Court will grant the motion
only if no set of facts in support of the claims pled would
entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41,
45-46 (1957).

Furthermore, where the complaint shows that the claim is
barred by the statute of limitations, this defense may be

---

[1] On January 10, 2006, PBCC filed a Certificate of No
Opposition to Defendant's Motion to Dismiss pursuant to Local
Rule of Civil Procedure 56.1, which was applicable at the time
this motion was filed.

*Pacific Business Capital Corp. v. Little Switzerland Inc., et al*
Civ. No. 2004/159
Order
3

asserted by a motion to dismiss for failure to state a claim.
*Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir.
1978) (citing *Hanna v. United States Veterans' Admin. Hospital*,
514 F.2d 1092, 1094 (3d Cir. 1975))(stating that "the limitations
defense may be raised on a motion under Rule 12(b)(6), but only
if 'the time alleged in the statement of a claim shows that the
cause of action has not been brought within the statute of
limitations'").

## ANALYSIS

The contracts at issue are for the sale of goods. The
Uniform Commercial Code ("UCC") applies to contracts for the sale
of goods.  V.I. Code Ann. tit. 11A § 2-102.  Pursuant to V.I.
Code Ann. tit. 11A § 2-725,

> (1) An action for breach of any contract for sale must
> be commenced within four years after the cause of
> action has accrued....
> (2) A cause of action accrues when the breach
> occurs....

To grant the Defendants' 12(b)(6) motion to dismiss, the date of
breach must be apparent on the face of the complaint. *See Bethel*,
570 F.2d at 1174 (noting that "[i]f the bar is not apparent on
the face of the complaint, then it may not afford the basis for a
dismissal of the complaint under Rule 12(b)(6)").

*Pacific Business Capital Corp. v. Little Switzerland Inc., et al*
Civ. No. 2004/159
Order
4

Here, PBCC's complaint shows that the contracts for the sale and purchase of goods from La Bijoux were entered into in 1999. Furthermore, PBCC's verified complaint states:

> 13. Since 1999 PBCC has repeatedly demanded that Defendants perform their obligations under the contracts by making payment in full for all of the merchandise purchased.
>
> 14. Defendants, and each of them, have breached the written contracts by refusing to pay the amounts due thereunder....

(Compl. ¶¶ 13-14.)

The complaint does not, however, allege the date when the contracts were breached, nor does it allege the date on which payments became due under the contract.  The complaint only alleges that at some unspecified time, the Defendants refused to pay the amounts due. These allegations are insufficient to show that PBCC's complaint is time-barred on its face.  *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007)(holding that the complaint did not allege sufficient facts to show that the statute of limitations had run where the complaint only alleged that the defendant "failed and refused to pay", but did not state the date of breach).

Because the complaint does not allege when the breach occurred, the Court cannot determine when PBCC's cause of action accrued.  Accordingly, it is not apparent from the face of the

*Pacific Business Capital Corp. v. Little Switzerland Inc., et al*
Civ. No. 2004/159
Order
5

complaint that the cause of action is barred by the statute of

limitations.

### CONCLUSION

   For the foregoing reasons,

   It is hereby **ORDERED** that Defendants' motion to dismiss for

failure to state a claim is **DENIED**.


October 9, 2007                    **s\**_____
                                        Curtis V. Gómez
                                         Chief Judge



**Courtesy Copies:**

Honorable G.W. Barnard
Marshall Bell, Esq.
Karen Bentz, Esq.
Olga Schneider
Lydia Trotman
Claudette Donovan
Renée André