**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| PACIFIC BUSINESS CAPITAL CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LITTLE SWITZERLAND, INC. and, L.S. ) <br> WHOLESALE INC., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Civil No. 2004-159 |

**APPEARANCES:**

**Marshall A. Bell, Esq.**
St. Thomas, U.S.V.I.
   *Attorney for the plaintiff*

**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
   *Attorney for the defendants.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court is the motion of Little Switzerland, Inc. ("Little Switzerland") and L.S. Wholesale, Inc. ("L.S.") (collectively, the "Defendants") for an extension of time within which to file their motion for reconsideration of the Court's October 9, 2007, Order denying their motion to dismiss.

Under Local Rule of Civil Procedure 7.4 ("Local Rule 7.4"), a party may file a motion for reconsideration "within (10) days

*Pacific Business Capital, Corp. v. Little Switzerland, Inc., et al.*
Civil No. 2004-159
Order
Page 2

after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown." LRCi 7.4 (2000).[1]

Additionally, Federal Rule of Civil Procedure 6(b) ("Rule 6(b)") states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Fed. R. Civ. P. 6(b) (2005).

The Defendants filed their motion for reconsideration on November 19, 2007, after the ten-day deadline imposed by Local Rule 7.4.[2] They assert that their attorney was not served with the October 9, 2007, Order until November 2, 2007, despite being registered on this Court's Case Management and Electronic Case

---

[1] Since the filing of General Star's motion for reconsideration, Local Rule 7.4 has been succeeded by Local Rule of Civil Procedure 7.3 ("Rule 7.3"). Like its predecessor, Local Rule 7.3 requires that motions for reconsideration be filed within ten days after the entry of the order sought to be reconsidered. *See* LRCi 7.3 (Jan. 25, 2008).

[2] The ten-day deadline expired on October 23, 2007, since intervening weekends were excluded, and there were no legal holidays that fell within that period. *See* Fed. R. Civ. P. 6 (2005); LRCi 6.1 (2008); 1 V.I.C. § 171 (1999).

*Pacific Business Capital, Corp. v. Little Switzerland, Inc., et al.*
Civil No. 2004-159
Order
Page 3

Filing system and listed as the attorney of record for the Defendants in this matter. As such, they claim that the ten-day period for filing expired on November 19, 2007.

A review of the record in this matter, including the notice of electronic filing associated with the October 9, 2007, Order, reveals that the Defendants' attorney was never served with that Order, electronically or otherwise. Under these circumstances, the Court will reconsider its October 9, 2007, Order.

Accordingly, it is hereby

**ORDERED** that the motion for an extension time is **GRANTED**.

```
                                S_____
                                   Curtis V. Gómez
                                   Chief Judge
```

Copies:

Marshall Bell, Esq.
Christopher A. Kroblin, Esq.
Bailey Figler, Esq.

*Pacific Business Capital, Corp. v. Little Switzerland, Inc., et al.*
Civil No. 2004-159
Order
Page 4