**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| PACIFIC BUSINESS CAPITAL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE SWITZERLAND, INC. and, L.S. WHOLESALE INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 2004-159<br>)<br>)<br>)<br>)<br>)<br>) |

**APPEARANCES:**

**Marshall A. Bell, Esq.**
St. Thomas, U.S.V.I.
    *Attorney for the plaintiff*

**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
    *Attorney for the defendants.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court is the motion of Little Switzerland, Inc. ("Little Switzerland") and L.S. Wholesale, Inc. ("L.S.") (collectively, the "Defendants") for reconsideration of the Court's October 9, 2007, Order denying their motion to dismiss.

*Pacific Business Capital Corp. v. Little Switzerland Inc., et al*
Civil No. 2004-159
Order
Page 2

## I. FACTS

In 1999, the Defendants entered into a series of written contracts with La Bijoux for the purchase of goods. On November 15, 2004, Pacific Business Capital Corp. ("PBCC"), assignee of La Bijoux's interest in the contracts, commenced this action against the Defendants for breach of contract. PBCC alleges that the Defendants breached the contracts by refusing to pay the balances due as payment for the goods.

The Defendants subsequently moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that PBCC's complaint is barred by the statute of limitations. In response, PBCC submitted a certificate of no opposition to the Defendants' motion to dismiss. On October 9, 2007, the Court entered an Order denying the PBCC's motion to dismiss.

Now, PBCC moves for reconsideration of the October 9, 2007, dismissal Order.

## II. ANALYSIS

Under Local Rule of Civil Procedure 7.4 ("Local Rule 7.4"), a party may file a motion for reconsideration "within (10) days after the entry of the order or decision unless the time is

*Pacific Business Capital, Corp. v. Little Switzerland, Inc., et al.*
Civil No. 2004-159
Order
Page 3

extended by the Court." LRCi 7.4 (2000).[1]  A motion for reconsideration must be based on: (1) "intervening change in controlling law;" (2) "availability of new evidence," or; (3) "the need to correct clear error or to prevent manifest injustice." *Id.*  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004).

The Defendants argue that, because the motion to dismiss was unopposed, it was clear error or manifestly unjust for the Court to deny the motion.  "However, the district court may not grant . . . a motion to dismiss under [Rule] 12(b)(6) solely because the motion is unopposed; such motions are subject to review for

---

[1]  Since the filing of General Star's motion for reconsideration, Local Rule 7.4 has been succeeded by Local Rule of Civil Procedure 7.3 ("Rule 7.3").  Like its predecessor, Local Rule 7.3 requires that motions for reconsideration be filed within ten days after the entry of the order sought to be reconsidered. *See* LRCi 7.3 (Jan. 25, 2008).

*Pacific Business Capital, Corp. v. Little Switzerland, Inc., et al.*
Civil No. 2004-159
Order
Page 4

merit." *Michel v. Immigration and Naturalization Service*, 119 F. Supp. 2d 485, 486 (M.D. Pa. 2000); *see also Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that the trial court could not dismiss a complaint for failure to comply with a local practice rule requiring a response to motions for dismissal without examining complaint to determine if it stated claim upon which relief could be granted).  The Defendants have failed to demonstrate clear error, manifest injustice, an intervening change in controlling law, or the availability of new evidence with respect to the October 9, 2007, Order.

    Accordingly, it is hereby

    **ORDERED** that the motion for reconsideration is **DENIED.**


                        S\_____
                            **Curtis V. Gómez**
                              **Chief Judge**


Copies:

Marshall Bell, Esq.
Christopher A. Kroblin, Esq.
Bailey Figler, Esq.